Honorable Marc Barreca
Chapter 11
Hearing Location: Seattle, WA
Hearing Date: March 2, 2017
Hearing Time: 9:30 a.m.
Response Date: February 23, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>AAAlert Solutions Inc.,<br><br>　　　　　　　　　　Debtor. | Case No. 17-10480-MLB<br><br>UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE WITH PREJUDICE; DECLARATION OF TARA MAURER |

The United States Trustee moves the Court for an order converting, or dismissing with prejudice, the chapter 11 case of AAAlert Solutions Inc. for cause (the "Motion").[1] In support of the Motion, the United States Trustee represents and alleges as follows:

## I.　　RECITALS

1.　　This Court has jurisdiction over the Motion pursuant to 11 U.S.C. §§ 307 and 1112(b).

2.　　The United States Trustee brings the Motion pursuant to her authority to supervise the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3) and pursuant to 11 U.S.C. § 1112(b)(1).

---

[1] The United States Trustee reserves her right to supplement and or amend the Motion seeking further relief should the discovery of new evidence or facts warrant.

UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE WITH PREJUDICE - Page 1

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 17-10480-MLB　　Doc 11　　Filed 02/09/17　　Ent. 02/09/17 15:13:36　　Pg. 1 of 8

## II. FACTS

A. <u>The Current Case.</u>

3. AAAlert Solutions Inc. (the "Debtor") filed a voluntary chapter 11 petition (the "Petition) on February 3, 2017 (the "Current Case"). The required schedules (each a "Schedule" and collectively, the "Schedules") and Statement of Financial Affairs were filed with the Petition.

4. The Petition was signed by Dirk M. Mayberry as "President." According to the Washington Secretary of State, the Debtor is a Washington corporation formed on May 20, 2010. The Registered Agent and the Governing Persons are listed as "Dirk M. Mayberry" on the Secretary of State's Website. Declaration of Tara Maurer (the "Maurer Declaration") at ¶ 5.

5. The Debtor is represented by attorney Jason Anderson.

6. The Petition does not include the Debtor's federal Employer Identification Number ("EIN"). *See* Dkt. # 1 at 1 (EIN listed as "00-0000000").

7. The Schedules list only two assets, with a combined value of $581,629: a 2001 Buick Regal valued at $1,629, and real property located at 322 20th Ave, Seattle, WA 98122 valued at $580,000 (the "Seattle Property"). *Id*. at 8-10.

8. The City of Seattle issued notices of housing code violations to Mr. Mayberry regarding the Seattle Property on January 28, 2016, and June 30, 2016. Maurer Declaration at ¶ 6. The code violations include numerous health and safety violations, as well as maintenance of an unauthorized dwelling unit. *Id*. Based on the content of these letters, the Seattle Property is a rental property. *Id*. at ¶ 7. The Schedules do not include any cash, receivables, or deposits which indicate that the Debtor is collecting the rents from the Seattle Property. *Id*.

9. The Debtor has total liabilities of $1,274,000, comprised of four claims secured by the Seattle Property. Dkt. #1 at p.12-14. Bayview Loan Servicing LLC ("Bayview") holds a first priority lien, secured in the amount of $550,000. *Id*. at p.12.

10. The Debtor scheduled no unsecured claims. *Id*. at p.15.

11. Mr. Mayberry transferred the Seattle Property to the Debtor four days prior to the Petition Date for no or nominal consideration. Maurer Declaration at ¶ 8a. The Current Case was

UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE WITH PREJUDICE - Page 2

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 17-10480-MLB    Doc 11    Filed 02/09/17    Ent. 02/09/17 15:13:36    Pg. 2 of 8

filed hours before Bayview's non-judicial foreclosure sale of the Seattle Property. *Id*. As a result of the Current Case, Bayview discontinued the sale. *Id*.

B. <u>Prior Transfers of the Seattle Property.</u>

12. As detailed in paragraph 8 of the Maurer Declaration, Mr. Mayberry has transferred the Seattle Property among various entities under his control since 2010:

    a. On March 5, 2010, the Seattle Property was transferred from Bridgett Y. Baldwin, B.Y. Baldwin, and the Start Corporation of America, to Dirk M. Mayberry Inc. for no consideration and as a gift. Mr. Mayberry is the President of Dirk M. Mayberry Inc. According to Mr. Mayberry's prior testimony, Ms. Baldwin is the biological mother of his daughter.

    b. On December 2, 2013, Dirk M. Mayberry Inc. transferred the Seattle Property to Redwater Associates Inc. for no consideration or nominal value. Mr. Mayberry is the President and believed to be the sole owner of Redwater Associates Inc. Mr. Mayberry signed the real estate tax affidavit as both the grantor's agent, and as the grantee.

    c. On April 28, 2016, the Seattle Property was transferred from Redwater Associates Inc. to Mr. Mayberry for no consideration or nominal value. A Trustee sale was scheduled for April 29, 2016. Mr. Mayberry signed the real estate tax affidavit as both the grantor's agent, and as the grantee.

    d. On January 30, 2017—four days before the Petition Date and scheduled foreclosure sale—Mr. Mayberry transferred the Property to the Debtor.

13. The Seattle Property has been scheduled in been listed on Schedule A in three separate chapter 11 bankruptcy cases, specifically the cases of Ms. Baldwin, case no. 12-25587; Dirk Mayberry Inc., case no. 12-48238; and the Current Case. Maurer Declaration at ¶ 12.

//
//
//
//
//

UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE WITH PREJUDICE - Page 3

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 17-10480-MLB    Doc 11    Filed 02/09/17    Ent. 02/09/17 15:13:36    Pg. 3 of 8

C. Mr. Mayberry's History in the Bankruptcy Court.

14. Since 2012, Mr. Mayberry has filed, or caused the filing, of ten bankruptcy cases:

| Case No. | Case Name | Date Filed | Disposition |
| --- | --- | --- | --- |
| 12-20314 | Four M. Alliance Corp. | October 11, 2012 | Dismissed on December 17, 2013, on the debtor's motion. |
| 12-48238 | Dirk M. Mayberry Inc. | December 6, 2012 | Dismissed on April 12, 2013, for failure to be represented by counsel. |
| 12-22338 | Collaspe Impossible Inc. | December 13, 2012 | Dismissed on January 25, 2013, for failure to appear and submit to examination at the meeting of creditors. |
| 13-43798 | Redwater Associates Inc. | June 6, 2013 | Dismissed on September 3, 2013, on the debtor's motion. |
| 13-46533 | Portland Village Inc. | October 17, 2013 | Final decree entered April 7, 2015. |
| 13-47409 | Dirk M. Mayberry Inc. | December 1, 2013 | Dismissed May 7, 2014. |
| 13-20727 | Collaspe Impossible Inc. | December 11, 2013 | Final Decree entered August 24, 2015. |
| 15-11488 | Zandt Properties Inc. | March 12, 2015 | Dismissed March 17, 2015. |
| 15-11501 | Zandt Properties Inc. | March 12, 2015 | Dismissed April 27, 2015. |
| 17-10480 | AAAlert Solutions Inc. | February 3, 2017 | Pending. |

Maurer Declaration at ¶ 9.

15. With the exception of the Zandt Properties cases, Mr. Mayberry signed the petition as "President" in each of the above cases. *Id*. at ¶ 10.

16. With the exception of the Zandt Properties cases, Mr. Anderson has appeared as attorney for the debtor in each of the above cases. *Id*. at ¶ 11.

17. On May 7, 2014, Judge Lynch entered an order dismissing the Dirk M. Mayberry Inc. case, no. 13-47409 (the "May 7 Order"). *See* Dkt. # 35, case no. 13-47409. The May 7 Order further enjoined Mr. Mayberry from "causing any entity in which he is an officer, owner, possesses a legal or equitable interest, or otherwise exercise control to file a Chapter 11 bankruptcy case in the Western District of Washington for twelve months from the date of this order." *Id*. A copy of the May 7 Order is attached to the Maurer Declaration as Exhibit G.

UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE WITH PREJUDICE - Page 4

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 17-10480-MLB    Doc 11    Filed 02/09/17    Ent. 02/09/17 15:13:36    Pg. 4 of 8

18. On June 9, 2015, the United States Trustee filed a Motion for Sanctions and Finding of Civil Contempt against Mr. Mayberry. *See* Dkt. # 39, case no. 13-47409. The Motion alleged that Mr. Mayberry caused the filing of the Zandt Properties cases, thereby violating the May 7 Order. On October 29, 2015, the Court entered a Stipulated Order barring Mr. Mayberry from filing, or causing the filing, of any chapter 11 bankruptcy case in the Western District of Washington for twelve months (until October 29, 2016), and ordering that Mr. Mayberry pay a $3,000 sanction for his violation of the May 7 Order. A copy of the order is attached to the Maurer Declaration as Exhibit H.

## III. ARGUMENT

The facts before the Court suggest that the Debtor filed the Current Case not to reorganize, but to "achieve objectives outside the legitimate scope of the bankruptcy laws." *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994). As discussed below, the United States Trustee asserts that there is cause to dismiss the Debtor's case under § 1112(b), with prejudice.

### A. Standard for dismissal under § 1112(b).

Section 1112(b)(1) states, in pertinent part, that "on request of a party in interest and after notice and a hearing, . . . the court shall convert a [chapter 11] case to a case under chapter 7 or dismiss a [chapter 11] case, whichever is in the best interest of creditors and the estate, if the movant establishes cause. . .." 11 U.S.C. § 1112(b)(1). "Cause" is defined in § 1112(b)(4), but the list contained in that sections illustrative, not exhaustive. *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.),* 749 F.2d 670, 674 (11th Cir. 1984).

Good faith is required in the commencement and prosecution of a chapter 11 case, and the lack thereof constitutes "cause" for dismissal under § 1112(b)(1). *Marsch*, 36 F.3d at 828. In general, a case has been filed in bad faith if it does not satisfy the reorganization purposes for which chapter 11 was designed, i.e.,

> to protect the creditors and junior lienholders of the debtor from premature foreclosure as well as to prevent economically wasteful liquidation of valuable entities. Where a petition is filed to subvert the legitimate rights of creditors in the absence of any reasonable

UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE WITH PREJUDICE - Page 5

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 17-10480-MLB    Doc 11    Filed 02/09/17    Ent. 02/09/17 15:13:36    Pg. 5 of 8

> expectations that the debtor can successfully reorganize, there is no basis for access to Chapter 11 and the protective machinery of the automatic stay.

*In re Thirtieth Place, Inc.*, 30 B.R. 503 (B.A.P. 9th Cir. 1983). If the motion is predicated on bad faith, "[t]he moving party has the initial burden of making a prima facie case to support its allegations of bad faith." *In re Avalon Hotel Partners*, *LLC*, 302 B.R. 377, 384 (Bankr. D. Or. 2003). "Once such a showing has been made, the burden shifts to the debtor to establish that its chapter 11 case was filed in good faith." *Id.*; *see In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 118 (3d Cir. 2004). In the case *In re Arnold*, 806 F.2d 937 (9th Cir. 1986), the Ninth Circuit adopted as indicia of bad faith the factors articulated by the Fifth Circuit in *Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986). These factors include:

> 1. The debtor has one asset, such as a tract of undeveloped or developed real property, encumbered by secured creditors' liens.
> 2. There are generally no employees except for the principals, little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments.
> 3. There are only a few, if any, unsecured creditors.
> 4. The property has usually been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending actions against the foreclosure in state court. Bankruptcy offers the only possibility of forestalling loss of the property.
> 5. Allegations of wrongdoing by the debtor or its principals.
> 6. The "new debtor syndrome," in which a one-asset entity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors, exemplifies, although it does not uniquely categorize, bad faith cases.

*Little Creek,* 779 F.2d. at 1072-73. *See also In re Meyers Way Dev. Ltd. P'ship,* 116 B.R. 239, 242 (Bankr. W.D. Wa. 1990) (listing factors and noting that no single factor is determinative).

UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE WITH PREJUDICE - Page 6

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 17-10480-MLB    Doc 11    Filed 02/09/17    Ent. 02/09/17 15:13:36    Pg. 6 of 8

Each of the *Little Creek* factors is present in the Current Case:

- The Debtor has only one major asset—the Seattle Property.
- Bayview's lien encumbers the Seattle Property.
- There is no indication that the Debtor has any employees, other than its principal, Mr. Mayberry.
- The Debtor has no cash flow or income, and no resources to sustain a plan of reorganization.
- There are no unsecured creditors.
- A non-judicial foreclosure of the Seattle Property was scheduled for February 3, 2017. The Debtor filed for chapter 11 relief the morning of the scheduled sale.
- The Debtor's president, Mr. Mayberry, has been previously sanctioned by the Bankruptcy Court for the Western District of Washington for his abusive conduct.
- The Debtor epitomizes the New Debtor Syndrome: it acquired the Seattle Property on the eve of foreclosure for no consideration, and filed for bankruptcy relief four days later.

Considered together, these factors evidence that the Current Case was not filed to reorganize, but rather to frustrate Bayview's efforts to foreclose on the Seattle Property.

C.  Cause exists to dismiss the Current Case with prejudice.

The Current Case was not filed for a legitimate bankruptcy purpose. Cause therefore exists to grant the dismissal with prejudice to the Debtor filing of a petition under any chapter of the Bankruptcy Code for 180 days pursuant to §§ 105 and 349(a). Section 349(a) provides that "[u]nless the court, *for cause, orders otherwise*, . . . dismissal of a case under this title [does not] prejudice the debtor with regard to the filing of a subsequent petition under this title." 11 U.S.C. §349(a) (emphasis added). *See, e.g., In re Casse*, 198 F.3d 327, 336-39 (2d Cir. 1999) (surveying cases and concluding that bankruptcy court had power under §§ 105 and 349 to dismiss chapter 11 case with prejudice and to permanently bar debtors who had filed serial bankruptcies simply to stop foreclosure sale from filing another bankruptcy case under any chapter). "[D]ismissal

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE WITH
PREJUDICE - Page 7

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 17-10480-MLB    Doc 11    Filed 02/09/17    Ent. 02/09/17 15:13:36    Pg. 7 of 8

with prejudice is viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process." *In re Hall*, 258 B.R. 908, 911 (Bankr. N.D. Ind. 2001). *See also In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293 (Bankr. D. Del. 2011) (Debtor's bad faith in commencing its chapter 11 case, without any valid bankruptcy purpose, on eve of state court foreclosure sale, warranted dismissal of case with prejudice to debtor's ability to refile.).

Mr. Mayberry has treated the bankruptcy system as a revolving door. The Current Case is the latest maneuver in a pattern of abuse by Mr. Mayberry that dates back to at least 2012, and for which Mr. Mayberry has been sanctioned by the Bankruptcy Court. Under the foregoing facts and circumstances dismissal of the Current Case with prejudice to the Debtor filing again for 180 days is appropriate.

## IV. CONCLUSION

The Current Case epitomizes a "New Debtor Syndrome" bankruptcy filing, warranting immediate dismissal, or conversion. The United States Trustee has met her burden to make a prima facie case that cause exists to convert or dismiss the Current Case. Cause also exists to grant the dismissal with prejudice to the Debtor filing again for 180 days years pursuant to §§ 105 and 349(a). The United States Trustee respectfully requests that the Court enter her order converting this chapter 11 case to a case under chapter 7, or dismissing this chapter 11 case with prejudice for 180 days, whichever the Court determines to be in the best interest of creditors; and for such other and further relief as the Court may deem just and proper.

Date: February 9, 2017.

Respectfully submitted,

GAIL BREHM GEIGER
Acting United States Trustee for Region 18

/s/ *Sarah R. Flynn*
Sarah R. Flynn, NCBA #42829
Attorney for the United States Trustee

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE WITH
PREJUDICE - Page 8

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 17-10480-MLB    Doc 11    Filed 02/09/17    Ent. 02/09/17 15:13:36    Pg. 8 of 8